## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DOSS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06 C 6170 |
| | ) | |
| | ) | |
| CLEARWATER TITLE, CO., Et Al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant JP Morgan Chase Bank N.A.'s ("Chase") and Defendant Saxon Mortgage Services, Inc.'s ("Saxon") partial motion to dismiss Count I. For the reasons stated below, we grant the partial motion to dismiss and dismiss the instant action without prejudice.

## BACKGROUND

In August of 2004, Plaintiff Charles Doss ("Doss") allegedly sought to refinance the mortgage on his house ("House"). Doss claims that he contacted Defendant The Loan Arranger, Inc. ("Arranger') to procure a mortgage loan and that

1

Arranger procured a mortgage loan ("Mortgage") for Doss with Defendant First Franklin Financial Corporation ("Franklin") for the amount of $135,000. Franklin allegedly required Doss to obtain title insurance as a condition for the loan and Arranger chose Defendant Clearwater Title Co. ("Clearwater") to provide the title insurance. Doss claims that Arranger was affiliated with Clearwater and knew that Clearwater was unlicensed, but that Doss was not informed of such facts and was not given a choice of title insurers. Doss also alleges that at the closing of the refinance transaction, he was given an Itemization of Amount Financed statement, which indicated that he was to be charged $500.00 for title insurance, but the HUD-1 Settlement Statement reveals that Doss was charged $1,470.00 for title insurance.

Doss brought the instant action and includes in his complaint a claim alleging a violation of the disclosure requirements in theTruth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by Franklin, Chase, Saxon, and a John Doe (Count I), and a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/1 *et seq.*, by Clearwater, Franklin, and Arranger (Count II). Chase and Saxon (collectively referred to as "Defendants") now move to dismiss Count I.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley,* 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail . . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998) ; *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of*

*Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle,* 144 F.3d at 455, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251; *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

### I. TILA Claim (Count I)

Defendants argue that Doss no longer has a right to rescission under TILA since Doss allegedly sold the House. In Doss' TILA claim he seeks as relief "to exercise his right to rescind the" Mortgage. (Compl. Par. 41). TILA provides that

"[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or *upon the sale of the property*, whichever occurs first. . . ." 15 U.S.C. § 1635(f)(emphasis added). Defendants contend that Doss sold the House to Hazel Turner and Kent O. Williams ("Alleged Buyers") using a quitclaim deed ("Deed") entered into on June 27, 2006, and recorded with the Cook County Recorder of Deed on June 29, 2007. Defendants argue that the execution of this sale terminated Doss' ability to rescind the Mortgage and that the TILA claim against Defendants should be dismissed. Doss claims that the Deed is a forgery and that he has in fact brought a separate action in state court to quiet title to the House.

In ruling on a Rule 12(b)(6) motion to dismiss, in general, the court can "consider only the allegations of the complaint. . . ." *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)(stating that one exception is for written instruments that are attached as exhibits to the complaint). Defendants argue that the court can consider the Deed under an exception, which allows a court to take judicial notice of certain facts in ruling on a motion to dismiss. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997)(stating that an exception is "to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"); *Doherty v. City of Chicago*, 75 F.3d 318, 325 n.4 (7th Cir.

1996)(noting that district court took judicial notice of certain materials).

In the instant action, we can take judicial notice of the Deed, which is a matter of public record. Although Doss claims that the Deed is a forgery he has not presented any evidence that shows the Deed has been found invalid by the state court. Doss cannot prevent a dismissal of this action merely by presenting allegations of fraud on the part of the Alleged Buyers. At this juncture, the Deed is evidence of a valid sale of the House. Therefore, based upon the record before us, we conclude that Doss no longer has a right to rescission and we grant the motion to dismiss.

## II.  Fraud Act Claim (Count II)

Doss asserts in his complaint that this court has federal question subject matter jurisdiction in this action based upon the TILA claim (Count I). (Compl. Par. 2). Doss does not assert that this court has diversity subject matter jurisdiction and, in regard to the remaining Fraud Act claim (Count II), Doss asserts that this court has supplemental jurisdiction over the claim. (Compl. Par. 2). Since the TILA claim has been dismissed and only the state law claim remains, we must determine whether to decline to exercise supplemental jurisdiction over the Fraud Act claim. Once the federal claims in an action no longer remain, a federal court has discretion to decline

to exercise supplemental jurisdiction over any remaining state law claims. *See Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-907 (7th Cir. 2007)(indicating that there is no "'presumption' in favor of relinquishing supplemental jurisdiction" and that a court should retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," and "where it is obvious how the claims should be decided"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts); *Timm v. Mead Corp.*, 32 F.3d 273, 276 (7th Cir. 1994) (indicating that "[I]n exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources"). We have considered all of the pertinent factors and conclude that it would not be appropriate to exercise supplemental jurisdiction over the remaining Fraud Act claim, which can be resolved in the state court. Therefore, based on the above, we dismiss the instant action without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' partial motion to dismiss Count I and dismiss the instant action without prejudice.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   April 17, 2007