IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES DOSS,                       )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   No. 06 C 6170
                                    )
                                    )
CLEARWATER TITLE, CO., et al.,      )
                                    )
          Defendants.               )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Charles Doss' ("Doss") motion for reconsideration and motion in the alternative for leave to file an amended complaint. For the reasons stated below, we deny both motions.

## BACKGROUND

In August of 2004, Plaintiff Charles Doss ("Doss") allegedly sought to refinance the mortgage on his house ("House"). Doss claims that he contacted Defendant The Loan Arranger, Inc. ("Arranger") to procure a mortgage loan and that Arranger procured a mortgage loan ("Mortgage") for Doss with Defendant First Franklin Financial Corporation ("Franklin") in the amount of $135,000. Franklin

1

allegedly required Doss to obtain title insurance as a condition of the loan and Arranger chose Defendant Clearwater Title Co. ("Clearwater") to provide the title insurance. Doss claims that Arranger was affiliated with Clearwater and knew that Clearwater was unlicensed, but that Doss was not informed of such facts and was not given a choice of title insurers. Doss also alleges that at the closing of the refinance transaction, he was given an Itemization of Amount Financed statement, which indicated that he was to be charged $500.00 for title insurance, but the HUD-1 Settlement Statement reveals that Doss was charged $1,470.00 for title insurance.

Doss brought the instant action and included in his complaint a claim alleging a violation of the disclosure requirements in the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by Franklin, Defendant JP Morgan Chase Bank N.A. ("Chase"), Defendant Saxon Mortgage Services, Inc. ("Saxon"), and a John Doe (Count I), and a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/1 *et seq.*, by Clearwater, Franklin, and Arranger (Count II). Chase and Saxon moved to dismiss Count I, and on April 17, 2007, we granted the motion to dismiss Count I. We also declined to exercise supplemental jurisdiction over the remaining state claim in Count II and terminated the action. Doss requests that the court reconsider the April 17, 2007 ruling and requests in the alternative for leave to file an amended complaint.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

In our April 17, 2007 ruling, we noted that Defendants claimed that Doss sold the House to Hazel Turner and Kent O. Williams using a quitclaim deed ("Deed") allegedly entered into on June 27, 2006, and recorded with the Cook County Recorder of Deeds on June 29, 2007. We took judicial notice of the Deed, which is a matter of public record. We noted that although Doss claimed that the Deed is a forgery, he did not present any evidence that shows the Deed has been found invalid by a state court. We also pointed out that at that juncture, the Deed was evidence of

3

a valid sale of the House. Based upon the record before us, we concluded that pursuant to 15 U.S.C. § 1635(f) ("Section 1635(f)") Doss' right to rescind was extinguished when the House was sold. We thus concluded that Doss no longer has a right to rescission and we granted the motion to dismiss.

I. Motion for Reconsideration

Doss argues that the court should reinstate the instant action since Defendants' argument in the motion to dismiss relates to an affirmative defense, which Doss was not required to anticipate in the complaint. Doss also argues that the Court's dismissal of Count I was premature since Doss did not have an opportunity to offer evidence and that a stay of the action would have been more appropriate than a dismissal.

    A. Affirmative Defense

Doss argues that "Defendants' argument regarding the expiration of Plaintiff's rights is nothing more than the assertion of an affirmative defense" and that Doss is not required to plead in anticipation of affirmative defenses. (Ans. Par. 8). Generally, a court cannot dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon an affirmative defense since "plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see also Unites States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that although usually a plaintiff does not need

to anticipate an affirmative defense in the complaint, "[t]he exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"). In the instant action, Doss is precluded from pursuing the affirmative defense argument since he did not raise the argument in his answer to Defendants' motion to dismiss. Doss argued in his answer that the Deed was a forgery, but never argued that Defendants' arguments constituted a defense that need not be anticipated in the complaint. As is indicated above, Rule 59(e) motions do not give a party the opportunity to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro.,* 91 F.3d at 876 (citing *LB Credit Corp.,* 49 F.3d at 1267). Doss has not offered any explanation for his failure to present this argument in his answer to the motion to dismiss and, thus, precluded from doing so at this juncture.

We also note that regardless, Doss' arguments are without merit. Section 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. . . ." 15 U.S.C. § 1635(f). Doss contends that Section 1635 is in essence a statute of limitations and thus should be deemed an affirmative defense. In *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998) the Court was faced with the issue of "whether § 1635(f) is a statute of limitation. . . ." *Id.* at 416. The Court noted that "[t]he terms of a typical statute of limitation provide that a cause of action may or must be brought within a certain period of time," but that "Section

5

1635(f), . . . takes [one] beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well." *Id.* at 416-17. The Court thus concluded that Section 1635 is not a statute of limitations provision. *Id.* at 416-18. Section 1635(f) is actually properly viewed as a provision containing a condition precedent for bringing an action seeking rescission, for if a party has sold the property at issue, the right to rescission no longer survives, and cannot support a Section 1635 claim. Thus, Doss has not shown that the court erred by ruling on the Section 1635(f) issue at the motion to dismiss stage.

B. Opportunity to Offer Evidence

Doss also argues that the court erred in dismissing this case before he was given an opportunity to conduct discovery and offer evidence. Doss did not raise this argument earlier or in his answer to the motion to dismiss and thus is precluded from doing so at this juncture. *Moro.*, 91 F.3d at 876 (citing *LB Credit Corp.*, 49 F.3d at 1267). Doss had an opportunity in his answer to the motion to dismiss to request leave to conduct discovery. Doss also had the opportunity to request leave to present evidence and that the court convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(b). However, Doss made no such requests prior to the court's ruling and thus his requests are untimely. The court was presented with a Rule 12(b)(6) motion and ruled appropriately based upon the pleadings. Doss has not presented any justification to reopen this case and to begin discovery when this case failed to even survive the pleading stage. Doss has thus

6

failed to show that he should have been allowed to present evidence and conduct discovery prior to the dismissal.

### C. Stay of Action

Doss also argues that the instant action should be stayed rather than dismissed. We note that this argument was not presented to the court in Doss' answer to the motion to dismiss and thus is improper at this juncture. In addition, regardless, Doss has not provided any compelling reason showing that the instant action should remain idle on this court's docket. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-07 (7th Cir. 2006)(stating that "district courts have broad discretion to manage their dockets"). The mere fact that Doss has filed a claim in a state court challenging the validity of the Deed is not a sufficient ground to warrant a stay in this action. If it were, any party could forestall the resolution of cases such as this by filing actions in the state courts challenging the factual underpinnings for a dismissal. At this juncture, the Deed remains valid and, based upon the record before us, our prior ruling dismissing the instant action is proper. Doss has not presented sufficient justification to warrant a stay of this action. Thus, based upon the above, we deny the motion for reconsideration.

We note that Doss asserts that he is unclear as to what recourse he will have with this court if he succeeds in having the Deed declared invalid in state court. Doss asserts that his three year limitations period for the filing of his TILA claim will expire on August 27, 2007, and that "[t]here is no pronouncement in the Court's

order of whether Plaintiff will have a right to reinstate this action or that any newly filed action would relate back in time to this action." (Ans. Par. 23). As Doss acknowledges, the state action addressing the challenge to the validity of the Deed is ongoing and Doss' limitations period does not expire for several months. Doss currently can offer nothing more than speculation that the state court will declare the Deed invalid. Thus, the issues raised by Doss are not ripe at this juncture. As we indicated in our prior ruling, we dismissed the instant action based upon the record before us.

II. Motion For Leave to Amend Complaint

Doss requests leave in the alternative to file an amended complaint. The interest of justice and the efficient operation of the judicial system would not be served by allowing Doss to replead his claims in hindsight and reopen a closed case at this juncture. This case has already been terminated and Defendants are entitled to finality in this litigation. Also, this court has taken judicial notice of the Deed and Doss has not presented any evidence with his motion to reconsider showing that the Deed has been declared invalid. Any efforts by Doss to plead allegations in an amended complaint concerning the invalidity of the Deed would prove fruitless at this juncture. *See Sound of Music Co. v. Minn. Min. & Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007)(stating that a court should deny leave to amend a complaint if any amendment would be futile). Thus, Doss' motion for leave to file an amended complaint is untimely and we deny the motion.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration and deny the motion for leave to amend the complaint.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 24, 2007